PER CURIAM.
By petition for a writ of habeas corpus, Leon Walker seeks relief on the ground that he was denied the effective assistance of counsel on a direct appeal from his initial conviction.
It appears that his court-appointed attorney was permitted to withdraw from the prosecution of the appeal and that his appeal was dismissed following such withdrawal.
We initially denied the writ. Walker was thereafter granted certiorari by the Supreme Court of the United States and our judgment was vacated and the cause was remanded for further consideration in the light of Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, decided May 8th, 1967. The matter now recurs on remand.
Pursuant to the mandate of the Supreme Court of the United States, we now find *851 that the petitioner is entitled to a consideration of his claims on the basis of the ground of his application for habeas corpus summarized above. However, inasmuch as this proceeding is collateral to his original appeal to the District Court of Appeal, Second District, and no appellate review of the decision of that court was sought, we are not in this proceeding in a position to reinstate the appeal. Nevertheless, the decision of the United States Court directs that the petitioner is entitled to have his claims for relief reviewed despite the fact that we had felt that this petitioner has received all of the appellate consideration to which he was entitled by due process. In order to effectuate the mandate of that Court, the writ of habeas corpus is denied, but expressly without prejudice to the right of the petitioner to renew his claims for relief pursuant to the provisions of Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, in the Criminal Court of Record of Palm Beach County.
We do not overlook the fact that the petitioner has previously moved similarly in that court. However, his motion there and the denial thereof were prior to the controlling decision of the Supreme Court of the United States, and the directions of this opinion are prescribed in order to effectuate the mandate of the United States Supreme Court.
It is so ordered.
CALDWELL, C. J., and THOMAS, ROBERTS, THORNAL and O’CON-NELL, JJ., concur.
ERVIN, J., dissents with Opinion.
DREW, J., dissents and concurs with ERVIN, J.